**Woodrow ARNETT and Lula Arnett, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

April 25, 1975.

Robert Greene, Perry & Greene, Paintsville, for appellants.

Jim Robinson, Gen. Counsel, Dept. of Highways, Frankfort, Kenneth Baker, Dept. of Highways, Jackson, for appellee.

JONES, Justice.

This action was brought by Woodrow and Lula Arnett in 1971 seeking damages from the Commonwealth. In their complaint they alleged that the Commonwealth constructed a bridge across a stream on their property in 1968. They contended that the bridge was constructed in such a manner that water was diverted upon their property. They said that such diversion of water ruined their crops, and constituted a taking of their property without just compensation.

The Commonwealth filed an answer denying each allegation of the complaint.

At a pretrial conference the trial court permitted Woodrow and Lula to amend their complaint. They reiterated the allegations of the original complaint. However, in the amended complaint they alleged their purchase of the property in 1967. They contended that the bridge was constructed prior to the purchase of the property, and that the injuries complained of commenced in 1968.

The Commonwealth then filed a motion to dismiss. Among other grounds in support of its motion was an allegation that the bridge was constructed in 1962. It was the contention of the Commonwealth that the action was barred by the statute of limitations.

The trial court sustained the Commonwealth's motion to dismiss. From that action Woodrow and Lula instituted this appeal.

Although the trial court failed to specify the reason for dismissal of the action, the Arnetts assumed that the trial court concluded that the action was barred by the statute of limitations. That is the only issue presented in this appeal. That is the sole agrument presented by the parties in their respective briefs.

This court is of the opinion that the complaint states a cause of action and is not barred by the statute of limitations. The controlling question is not when the bridge was built, but when the damage occurred. The purchase of the property by the Arnetts after construction of the bridge did not deprive them of standing to sue. If the Commonwealth was creating a nuisance, the Arnetts would be entitled to compensation. Cf. Klutey v. Commonwealth, Department of Highways, Ky., 428 S.W.2d 766 (1968).

The judgment is reversed for further proceedings consistent with this opinion.

All concur.